**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Plaintiff/Respondent, | § | |
| | § | |
| V. | § | CR. No. C-05-438 (1) |
| | § | C.A. No. C-07-420 |
| FIDENCIO ALBERTO ESTRADA-GUERRA, | § | |
| | § | |
| Defendant/Movant. | § | |

**ORDER SETTING EVIDENTIARY HEARING AND APPOINTING COUNSEL**

Pending before the Court is Fidencio Alberto Estrada-Guerra's ("Estrada-Guerra") motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255, with supporting memorandum. (D.E. 72, 73.)[1] The government filed a response and motion to dismiss (D.E. 75, 76), as well as an amended response and motion to dismiss (D.E. 78, 79), which the Court has considered. The Court has also considered Estrada-Guerra's replies to each motion to dismiss. (D.E. 77, 80.)

For the reasons set forth below, the Court withholds ruling at this time on the first and third grounds for relief in Estrada-Guerra's motion. As to his second ground, the Court orders an evidentiary hearing. If, at the conclusion of the hearing, the Court denies Estrada-Guerra's second ground for relief, it will address his remaining grounds for relief at that time.

**I. JURISDICTION**

The Court has jurisdiction over this matter under 28 U.S.C. § 2255.

---

[1] Docket entry references are to the criminal case, CR. No. C-05-438.

1

## II.  FACTUAL AND PROCEDURAL BACKGROUND

On July 27, 2005, Estrada-Guerra was charged in a two-count indictment with conspiracy to possess with: (1) intent to distribute more than 5 kilograms of cocaine and more than 1,000 kilograms of marijuana, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A) and 846 ("Count One"); and (2) conspiracy to launder monetary instruments, in violation of 18 U.S.C. § 1956 (h) ("Count Two").  (D.E. 1, 7.) On September 8, 2006, Estrada-Guerra pleaded guilty pursuant to a written plea agreement. ((D.E. 46.) The plea agreement included a waiver of Estrada-Guerra's right to appeal "the sentence imposed or the manner in which it was determined," with limited exceptions, and his right to collaterally attack his sentence under 28 U.S.C. § 2255.  (D.E. 47 at ¶ 7.)

Pursuant to this Court's Order, the probation department prepared a Presentence Investigation Report ("PSR").  (D.E. 48, 53.)  On January 23, 2007, the Court sentenced Estrada-Guerra on Count One to 262 months in the custody of the Bureau of Prisons, to be followed by 5 years of supervised release, and also imposed a $1000 fine and $100 special assessment.  As to Count Two, the Court imposed a 240 month sentence, to be followed by a three-year term of supervised release, and imposed a $1000 fine and $100 special assessment.  (D.E. 61, 66.)  The sentences on both counts (the custody, supervised release term and fine) were ordered to run concurrent to each other and concurrent to the undischarged term of imprisonment Estrada-Guerra was serving in a case arising in the Tampa Division of the United States District Court for the District of Florida, Cause No. 8:05-cr-70-T-23MAP.  (D.E. 66.) Judgment was entered on February 8, 2007.  (D.E. 66.)  Estrada-Guerra did not appeal.

Estrada-Guerra was initially represented by retained counsel G. Allen Ramirez. In July 2006, Ramirez filed a motion to withdraw, but the motion was denied during a hearing on August 7, 2006

by Magistrate Judge Brian Owsley. (D.E. 21, 28.) After Estrada-Guerra's rearraignment, at the first call for sentencing, the Court appointed David Cano as co-counsel to represent Estrada-Guerra. Both Mr. Ramirez and Mr. Cano represented Estrada-Guerra at sentencing.

Estrada-Guerra's § 2255 motion was received by the Clerk on November 1, 2007. (D.E. 72.) It is timely.

### III.  MOVANT'S ALLEGATIONS

In Estrada-Guerra's first ground for relief, he claims that he was denied effective assistance of counsel as to his plea. Specifically, he claims that his counsel was constitutionally ineffective for failing to challenge the sufficiency of the indictment against him. He claims that the "cryptic" indictment was insufficient to support his conviction. (D.E. 73 at 7.) He asserts that his guilty plea was rendered involuntary and unknowing as a result, because he did not have true notice of the charges against him. (D.E. 73 at 8.)

Estrada's second ground for relief alleges that he asked his attorney to appeal, but that his attorney failed to do so. (D.E. 73 at 9-10.) In his supporting memorandum, he also appears to be claiming as part of this second ground for relief that his plea was involuntary because his counsel misadvised him concerning his likely sentence. Specifically, he claims that counsel had told him that he would receive no more than 7 years in federal prison if he pleaded guilty, but he ultimately received a much higher sentence. He claims that, had he known of his true sentencing exposure, he would not have pleaded guilty. (D.E. 73 at 10-11.)

In his third ground for relief, Estrada-Guerra claims that his counsel was ineffective because he failed to move the Court to dismiss the indictment for violations of the Speedy Trial Act. (D.E. 73 at 12-13.)

3

## IV. ANALYSIS

In evaluating Estrada-Guerra's claim that his counsel failed to appeal, the Court notes that there is conflicting evidence on this point. While Estrada-Guerra alleges that he told counsel to appeal,[2] the government has provided affidavits from both Mr. Ramirez and Mr. Cano denying this allegation. Both attorneys aver that Estrada-Guerra never requested that an appeal be filed on his behalf. (D.E. 75, Exh. A (Ramirez Affidavit); id. at Exh. B (Cano Affidavit).)

"[A] lawyer who disregards specific instructions from the defendant to file a notice of appeal acts in a manner that is professionally unreasonable." Roe v. Flores-Ortega, 528 U.S. 470, 477 (2000). "[W]hen counsel's constitutionally deficient performance deprives a defendant of an appeal that he otherwise would have taken, the defendant has made out a successful ineffective assistance of counsel claim entitling him to an appeal." Id., at 484. Moreover, a *pro se* movant need not state the grounds on which he would have appealed, had the opportunity not been denied. Rodriguez v. United States, 395 U.S. 327, 330 (1969).

Applying these standards to the instant case, the Court concludes that Estrada-Guerra is entitled to an evidentiary hearing to determine whether he told either of his attorneys to prosecute the appeal or not. Although the affidavits of his lawyers and the existence of his appellate waiver support the conclusion that Estrada-Guerra did not tell them he to appeal, Estrada-Guerra avers that he did. Additionally, he is correct that the Court made the statement at sentencing that he could appeal the denial of his motion to withdraw his guilty plea. (D.E. 71, Sentencing Transcript at 20.) Thus, the Court is unable to determine on the current record that Estrada-Guerra is not entitled to

---

[2] Nowhere in his filings does Estrada-Guerra identify which of his two attorneys he asked to appeal. He merely states that he asked "his attorney to file an appeal right after he was sentenced, and [his] counsel disregarded that request." (D.E. 77 at 4; see also D.E. 73 at 9; D.E. 80 at 3-4 (claiming that he told his attorney to appeal, but not identifying by name which attorney he told).)

relief.  Instead, the Court must hold a hearing to assess the credibility of the parties.  See Rules Governing Section 2255 Proceedings 8.

Moreover, and contrary to the government's argument on this issue (see DE. 72 at 18-19), the fact that Estrada-Guerra signed an appeal waiver and waiver of § 2255 rights does not bar his claim of ineffective assistance of counsel based on a failure to appeal.  In a recent decision, the Fifth Circuit held that an evidentiary hearing was required where the defendant's § 2255 motion alleged that counsel failed to appeal despite a request from the defendant to do so.  United States v. Tapp, 491 F.3d 263 (5th Cir. 2007).  The Tapp court expressly held that the existence of an appellate waiver and waiver of § 2255 rights in the case did not obviate the need for the evidentiary hearing, nor bar the defendant from obtaining relief on the claim.  Tapp, 491 F.3d at 265-66.

As to the other grounds for relief raised in Estrada-Guerra's motion, it is unnecessary for the Court to address them at this time.  If the Court rules in Estrada-Guerra's favor on his failure to appeal claim, he will be entitled to an out-of-time direct appeal. United States v. West, 240 F.3d 456, 459 (5th Cir. 2001) (where counsel was denied ineffective assistance of appellate counsel, judicial remedy is to grant out-of-time appeal).  If that occurs, it will be unnecessary to address Estrada-Guerra's remaining claims until after the resolution of his direct appeal.  Welsh v. United States, 404 F.2d 333, 333 (5th Cir. 1968), abrogated on other grounds, United States v. Ortega, 859 F.2d 327, 334 (5th Cir. 1988) ("[a] motion to vacate sentence under 28 U.S.C. § 2255 will not be entertained during the pendency of a direct appeal, inasmuch as the disposition of the appeal may render the motion moot"); see also Jones v. United States, 453 F.2d 351, 352 (5th Cir. 1972) (where direct criminal appeal is pending, defendant is not entitled to consideration on the merits of his § 2255 motion).  If, at the conclusion of the hearing, the Court denies Estrada-Guerra's ineffective

assistance claim concerning his appeal, it will then address Estrada-Guerra's remaining ground for relief.

## V.  CONCLUSION

For the foregoing reasons, the Court will hold an evidentiary hearing on the limited issue of whether Estrada-Guerra was denied effective assistance of counsel due to his counsel's alleged failure to appeal.  **The evidentiary hearing is set for 10:00 a.m. on Friday, July 11, 2008.**

Estrada-Guerra is entitled to be represented by counsel at the hearing. See Rules Governing Section 2255 Proceedings 8(c).  Accordingly, attorney Edward F. Garza, 719 Shoreline Blvd. #300B, Corpus Christi, Texas 78401,  is hereby appointed to represent Estrada-Guerra.  The Clerk is directed to send a copy of this Order to Mr. Garza, as well as directly to Estrada-Guerra and to counsel for the United States.

It is so ORDERED this 11th day of March, 2008.

_____
Janis Graham Jack
United States District Judge