**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**CORPUS CHRISTI DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Plaintiff/Respondent, | § | |
| | § | |
| V. | § | CR. No. C-05-438 |
| | § | C.A. No. C-07-420 |
| FIDENCIO ALBERTO ESTRADA-GUERRA, | § | |
| | § | |
| Defendant/Movant. | § | |

**ORDER**

By written order and final judgment entered August 1, 2008, the Court denied Fidencio Alberto Estrada-Guerra's ("Appellant" or "Estrada-Guerra") motion to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255 after holding an evidentiary hearing in the case. (D.E. 94, 95.) Estrada-Guerra has timely appealed, and his appeal remains pending before the Fifth Circuit. (D.E. 92.) He also sought the appointment of counsel to represent him on appeal, which the Court denied on August 8, 2008. (D.E. 93, 96.)

Since that date, Estrada-Guerra has submitted several motions to the Court, all of which are addressed herein. First, on September 2, 2008, the Court received a letter motion from Estrada-Guerra that has been docketed by the Clerk as a motion to reduce sentence. (D.E. 98.) In that letter, he raises some of the same allegations of ineffective assistance of counsel that he raised in his § 2255 motion. Specifically, he challenges his guilty plea on the grounds that his attorney created a "confusing environment," didn't explain how Estrada-Guerra would be sentenced, and made "false promises" such as the promise of a seven-year sentence maximum if Estrada-Guerra pleaded guilty. Those claims have already been denied by the Court. (D.E. 94.) For the same reasons previously

set forth by the Court, Estrada-Guerra is not entitled to relief on those claims. His motion for a reduced sentence (D.E. 98) is therefore DENIED.

Estrada-Guerra has also filed several motions that relate to his appeal. First, he has filed a request for a Certificate of Appealability. (D.E. 101.) Again, the Court has already denied Estrada-Guerra a COA. Estrada-Guerra's request for a COA is thus DENIED for the reasons set forth in the Court's prior order. (See D.E. 94 at 10-11.) The Court advises him, however, that he may request the issuance of a COA from a circuit court of appeals judge. Fed. R. App. P. 22(b). If he does not expressly make such a request for a COA, the notice of appeal shall be deemed to constitute a request addressed to the judges of the Fifth Circuit. Id.

Estrada-Guerra's final filing is a motion to proceed *in forma pauperis* on appeal. (D.E. 102.) His motion does not contained a detailed log of transactions for his prison account, but it does contain a certification from an authorized officer at his current place of incarceration. (D.E. 102.) That certification states that Estrada-Guerra's prison account had a balance of $320.43 as of September 1, 2008 and that, during the six months preceding that date, his average balance was $154.93. (D.E. 102 at 2.)

The foregoing information demonstrates that although Estrada-Guerra cannot afford to prepay the $455 appellate filing fee, he can pay the fee in installments without undue hardship. While his appeal is not governed by the Prison Litigation Reform Act, there is no prohibition against collection of the appellate filing fee in installments where an inmate has the ability to pay in installments without undue hardship. Accordingly, Appellant's motion to proceed *in forma pauperis* (D.E. 102) is GRANTED and the following orders are entered:

1. The Clerk shall file the Appellant's notice of appeal without prepayment of the appellate filing fee.

2. The Appellant is not required to pay an initial partial appellate filing fee.

3. The Appellant shall pay $455, the full appellate filing fee, in monthly installments to the United States District Court.

4. The Bureau of Prisons shall deduct 20% of each deposit made to the Appellant's inmate trust account and forward payments to the United States District Court on a regular basis provided the account exceeds $10.00.

5. The Appellant shall execute all consents and other documents required by the agency having custody of the Appellant to authorize the necessary withdrawals from his trust account.

6. The Clerk shall send a copy of this Order to the Inmate Accounting Officer and Paralegal Specialist, FCI Forth Worth, 3150 Horton Road, Forth Worth, Texas 76119.

NOTICE TO THE APPELLANT:

If you do not wish to pay the appellate filing fee as set forth in this Order, you must notify the Court in writing, by letter or motion, that you do not wish to prosecute the appeal. Your notice must be mailed within 30 days of the date of this Order.

## CONCLUSION

For the reasons set forth above, Estrada-Guerra's letter motion to reduce sentence (D.E. 98) is DENIED, and his request for a Certificate of Appealability (D.E. 101) is DENIED. Estrada-

Guerra's motion to proceed *in forma pauperis* (D.E. 102) is GRANTED and a collection order on the terms set forth above is entered.

It is so ORDERED this 16th day of September, 2008.

Janis Graham Jack
United States District Judge