UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| HIDALGO COUNTY, TEXAS, *et al*, | § | |
| | § | |
| Petitioners, | § | |
| VS. | § | CRIMINAL ACTION NO. 2:05-CR-438 |
| | § | (CIVIL ACTION NO. 2:13-CV-332) |
| FIDENCIO ALBERTO ESTRADA-GUERRA, *et al*, | § | |
| | § | |
| | § | |
| Defendants. | § | |

### ORDER DISMISSING MOTION TO VACATE, SET ASIDE OR CORRECT SENTENCE, DENYING A CERTIFICATE OF APPEALABILITY

Pending before the Court is Defendant Fidencio Estrada-Guerra's motion to vacate, set aside or correct pursuant to 28 U.S.C. § 2255. D.E. 124. The Court concludes that it is not necessary to order a government response because "it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief." Rule 4(b) of the Rules Governing Section 2255 Proceedings for the United States District Courts (§ 2255 Rules). For the reasons stated herein, the Court dismisses Estrada-Guerra's motion and denies him a certificate of appealability.

### I.  PROCEDURAL BACKGROUND

Estrada-Guerra was sentenced to 292 months in the Bureau of Prisons in 2007 based upon his guilty plea to the charge of conspiracy to possess with intent to distribute more than 5 kilograms of cocaine and more than 100 kilograms of marijuana, along with conspiracy to launder monetary instruments. D.E. 67. During rearraignment he waived his right to a jury trial and pled guilty to the indictment. D.E. 70 at pp. 12-13. The indictment charged Estrada-Guerra with conspiracy to possess with intent to distribute "more than five (5) kilograms of cocaine" and more than one thousand (1,000) kilograms of marijuana in count one. D.E. 12. In count two, the

indictment charged him with conspiracy to launder money and identified a number of overt acts including specifying the amount of funds laundered. Id.

Estrada-Guerra filed a timely motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255 in November 2007, in which he complained that counsel was ineffective on multiple grounds, including on the ground that counsel failed to file a notice of appeal. D.E. 72. The Court appointed counsel and held an evidentiary hearing on Estrada-Guerra's claim that he instructed counsel to file a notice of appeal. D.E. 84. The Court denied relief and denied a certificate of appealability after finding that Estrada-Guerra's plea agreement waiver of his right to file a motion pursuant to 28 U.S.C. § 2255 was valid and enforceable. D.E. 94, 95. Estrada-Guerra appealed, but the Fifth Circuit Court of Appeals denied him a certificate of appealability. D.E. 115.

In August 2011, Estrada-Guerra filed a motion to reduce his sentence that the Court denied by Order dated August 18, 2011. D.E. 123.

## II. MOVANT'S CLAIMS

Estrada-Guerra challenges his sentence and claims that the statute of limitations is tolled pursuant to 28 U.S.C. § 2255(f)(3), (4). He claims his sentence of 292 months in the Bureau of Prisons was based upon facts not proven to a jury, nor proven beyond a reasonable doubt, because his sentence was based upon enhancements presented to the Court. D.E. 124 at p. 4-5. He cites Alleyne v. United States, — U.S. ----, 133 S.Ct. 2151 (2013) in support of his position.

### III.   SECOND OR SUCCESSIVE § 2255 MOTION

Estrada-Guerra filed a previous motion to vacate, set aside or correct his sentence in 2007 in which he raised other claims. That motion was denied because he waived his right to seek post-conviction relief by his plea agreement.

Estrada-Guerra's current motion is a second or successive motion. In pertinent part, 28 U.S.C. § 2255(h) provides:

A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain –

> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or

> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255(h).

*Where a claim is second or successive, the movant is required to seek, and acquire, the approval of the Fifth Circuit before filing a second § 2255 motion before this Court.* See Tolliver v. Dobre, 211 F.3d 876, 877 (5th Cir. 2000); 28 U.S.C. § 2244 (b)(3)(A) ("Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application."). Guerra-Estrada's motion does not indicate that he has sought or obtained permission from the Fifth Circuit to file the present motion. Until he does so, this Court does not have jurisdiction over the motion. Accordingly, Guerra-Estrada's motion to vacate, set aside or correct sentence (D.E. 124) is DISMISSED as second or successive. United States v. Orozco-Ramirez, 211 F.3d 862, 869 (5th Cir. 2000) (district court properly dismissed second or successive claim).

## IV.  CERTIFICATE OF APPEALABILITY

An appeal may not be taken to the court of appeals from a final order in a habeas corpus proceeding "unless a circuit justice or judge issues a certificate of appealability." 28 U.S.C. § 2253(c)(1)(A). Although Guerra-Estrada has not yet filed a notice of appeal, the § 2255 Rules instruct this Court to "issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11, § 2255 Rules.

A COA "may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "The COA determination under § 2253(c) requires an overview of the claims in the habeas petition and a general assessment of their merits." Miller-El v. Cockrell, 537 U.S. 322, 336 (2003).

As to claims that the district court rejects solely on procedural grounds, the movant must show both that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack, 529 U.S. at 484.

The Court finds that Guerra-Estrada cannot establish at least one of the Slack criteria. Accordingly, he is not entitled to a COA as to his claims.

## V.  CONCLUSION

For the foregoing reasons, Guerra-Estrada's motion (D.E. 124) is DENIED as second or successive, additionally, he is DENIED a Certificate of Appealability.

SIGNED and ORDERED this 5th day of November, 2013.

_____
Janis Graham Jack
Senior United States District Judge